UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

NAQUAN ROBINSON,

    *Plaintiff,*

-against-

EXPERIAN INFORMATION SOLUTIONS, INC., OVERTON, RUSSELL, DOERR, AND DONOVAN, LLP, AND TRANS UNION LLC,

    *Defendants.*

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1:22-cv-57 (TJM/DJS)

By and through the undersigned counsel, Plaintiff Naquan Robinson ("Plaintiff"), with knowledge as to Plaintiff's own acts and investigation of counsel as to the acts of others, and believing that further investigation and discovery will confirm that the allegations recited herein have substantial evidentiary support, states as follows:

## Introduction

1. Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), and the New York Fair Credit Reporting Act, NY General Business Law § 380 et seq. ("NY FCRA"), Plaintiff brings this action against Defendant Overton, Russell, Doerr, and Donovan, LLP ("Overton" or the "Furnisher Defendant"), and against Defendants Experian Information Solutions, Inc. ("Experian"), and Trans Union LLC ("Trans Union") (Experian and Trans Union are the "CRA Defendants") to recover actual, statutory, and punitive damages. In addition, Plaintiff is entitled to an award of costs and attorney's fees in this statutory fee-shifting action.

## Jurisdiction and Venue

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p. This Court has supplemental jurisdiction of state claims asserted herein pursuant to 28 U.S.C. §1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## The Parties

4. Plaintiff Naquan Robinson is an individual and "consumer" within the meaning of the FCRA. Plaintiff resides in Schenectady, New York.

5. Defendant Overton is a domestic entity that conducts business in the State of New York and is a "furnisher of information" within the meaning of the FCRA.

6. Defendant Experian is a foreign entity that conducts business in the State of New York, and is a "consumer reporting agency" within the meaning of the FCRA and NY FCRA.

7. Defendant Trans Union is a foreign entity that conducts business in the State of New York, and is a "consumer reporting agency" within the meaning of the FCRA and NY FCRA.

## Plaintiff's Claims Against Defendants Pursuant to the Fair Credit Reporting Act and/or New York Fair Credit Reporting Act

8. Plaintiff is a victim of identity theft.

9. An identity thief impersonated Plaintiff and received treatment at the Ellis Hospital Emergency Department.

10. Upon information and belief, Ellis Hospital held Plaintiff responsible for payments stemming from the identity thief's hospital visit, and sold the debt to collection agent Overton (henceforth, the collections account held by Overton is the "Overton Account").[1]

11. Each CRA Defendant included the Overton Account on consumer reports published to third parties. These publications defamed Plaintiff, thereby (a) giving creditors and/or potential

---

[1] The Overton Account was opened in July 2018.

creditors the false impression that Plaintiff was a poor credit risk, and (b) causing Plaintiff to suffer substantial emotional distress. Upon information and belief, Plaintiff also suffered credit harm. As such, Plaintiff has suffered concrete and particularized injuries pursuant to the Fair Credit Reporting Act such that Plaintiff has Article III standing to bring claims under the FCRA.

*Plaintiff's Claims Against Overton*

12. Because of its unlawful reporting and verification of the Overton Account, Furnisher Defendant Overton is liable to Plaintiff for violating § 1681s-2(b) of the FCRA by its acts and omissions, including but not limited to:

    a. failing to conduct a reasonable investigation of Plaintiff's dispute of the Overton Account reporting on Plaintiff's Experian and Trans Union credit reports after, upon information and belief, Overton received notice of Plaintiff's dispute from Experian[2];

    b. failing to review all relevant information provided to Overton by Experian concerning Plaintiff's dispute of the Overton Account;

    c. failing to promptly modify, delete, or permanently block any and all information about the disputed Overton Account that Overton, had it conducted a reasonable investigation of Plaintiff's dispute, could not have affirmatively verified as accurate; and

    d. falsely representing to Experian that Plaintiff was responsible for the Overton Account.

*Plaintiff's claims against CRA Defendants*

---

[2] Plaintiff anticipates that discovery will reveal that he disputed the Overton Account to Trans Union in addition to Experian. If discovery supports such a claim, Plaintiff will move promptly to amend the Complaint and/or have the Complaint conform to the evidence.

13. Because of their inaccurate reporting and unlawful publication of the Overton Account, CRA Defendants Experian and Trans Union are liable to Plaintiff for violations of the FCRA and NY FCRA.

   *Violations of FCRA § 1681e(b) and NY FCRA § 380-j*

14. Experian and Trans Union each violated FCRA § 1681e(b) and NY FCRA § 380-j by preparing and publishing one or more inaccurate consumer reports about Plaintiff to third parties because Experian and Trans Union did not follow reasonable procedures to assure maximum possible accuracy of information they reported about Plaintiff. Those consumer reports, upon information and belief, contained inaccurate information about Plaintiff, including but not necessarily limited to the Overton Account.

15. Upon information and belief, Experian and Trans Union each violated NY FCRA § 380-j by maintaining in their respective consumer files for Plaintiff information that each of those Defendants knew or had reason to know was inaccurate. That inaccurate information included but was not necessarily limited to the Overton Account.

   *Violations of FCRA § 1681i and NY FCRA § 380-f*

16. Experian violated FCRA § 1681i(a)(1) and NY FCRA § 380-f(a) by failing to conduct a reasonable reinvestigation of the Overton Account after Plaintiff disputed its accuracy to determine whether the Overton Account was accurately reporting.[3]

17. Experian violated FCRA § 1681i(a)(4) by failing to review and consider all relevant information communicated by Plaintiff concerning Plaintiff's disputes of the Overton Account.

---

[3] Plaintiff is currently investigating whether Trans Union failed to reasonably investigate one or more of his dispute(s). If discovery supports such a claim, Plaintiff will move promptly to amend the Complaint to add a claim against Trans Union and/or have the Complaint conform to the evidence.

18. Experian violated FCRA § 1681i(a)(5) and NY FCRA § 380-f(b)(1) by failing to promptly delete the Overton Account from its consumer file for Plaintiff despite the fact that Experian, had it conducted a reasonable reinvestigation of Plaintiff's dispute, could not have affirmatively verified that the disputed information was accurate.

## Statement of Facts

*Experian Dispute*

19. Plaintiff disputed the Overton Account to Experian on December 6, 2021 ("Overton Dispute").

20. Upon information and belief, Experian notified Overton about the Overton Dispute.

21. After Plaintiff's dispute and upon information and belief, Overton verified to Experian that the Overton Account was reporting accurately even though Overton could not, had it performed a reasonable investigation, have verified that the disputed information was accurately attributable to Plaintiff.

22. Experian, in turn, continued to report the disputed Overton Account even though, had Experian performed a reasonable reinvestigation, it could not have verified the accuracy of the disputed information.

23. Experian published one or more consumer reports that included the Overton Account after Plaintiff disputed the Overton Account to Experian. Experian's inaccurate publication defamed Plaintiff by creating a false impression that Plaintiff was a poor credit risk.

***Damages***

24. At all times pertinent hereto, the conduct of each Defendant and its agents was malicious, intentional, willful, reckless, and in wanton disregard for the rights of Plaintiff pursuant to

the FCRA and/or NY FCRA.

25. In the alternative, the conduct of each Defendant and its agents was in negligent disregard of the rights of Plaintiff pursuant to the FCRA and/or NY FCRA.

26. Each Defendant, as a direct and proximate result of their unlawful actions, conduct, and omissions, published inaccurate information about Plaintiff to third parties.

27. Each Defendant's publication of inaccurate information about Plaintiff caused Plaintiff to suffer damages cognizable pursuant to the FCRA and NY FCRA, including but not necessarily limited to the following:

    a. Plaintiff suffered substantial emotional distress. That emotional distress includes ongoing stress and anxiety. Plaintiff's emotional distress has manifested itself through a variety of symptoms, including headaches, humiliation, apprehension about applying for credit, and instances of crying.

    b. Plaintiff was defamed by each Defendant, all of which published false information about Plaintiff that damaged Plaintiff's reputation for creditworthiness. Such defamation further contributed to, among other things, Plaintiff's ongoing emotional distress.

    c. Upon information and belief, Plaintiff also suffered at least one credit denial.

28. The damages Plaintiff suffered are cognizable actual damages under the Fair Credit Reporting Act and New York Fair Credit Reporting Act.

29. Because of Defendants' willful violations of the fair credit laws, Plaintiff is entitled to an award of actual damages (or statutory damages), such punitive damages as the Court may allow, and Plaintiff's costs and reasonable attorney's fees.[4]

---

[4] Even if a jury finds that Defendants' unlawful conduct was merely negligent, Plaintiff would still be entitled to an award of actual damages, costs, and reasonable attorney's fees in this fee-shifting action.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FCRA BY OVERTON
## (FURNISHER DEFENDANT)

30. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

31. Based on the facts alleged in this Complaint, Overton violated FCRA § 1681s-2(b) by its acts and omissions.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE FCRA BY EXPERIAN AND TRANS UNION
## (CONSUMER REPORTING AGENCIES)

32. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33. Based on the facts alleged in this Complaint, Experian and Trans Union, by their respective actions and omissions, each independently violated various provisions of the FCRA including but not necessarily limited to the following violations:

   a. Experian and Trans Union each violated 15 U.S.C. § 1681e(b).

   b. Experian violated 15 U.S.C. § 1681i(a)(1).

   c. Experian violated 15 U.S.C. § 1681i(a)(4).

   d. Experian violated 15 U.S.C. § 1681i(a)(5).

## THIRD CAUSE OF ACTION
## VIOLATIONS OF THE NY FCRA BY EXPERIAN AND TRANS UNION
## (CONSUMER REPORTING AGENCIES)

34. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

35. Based on the facts alleged in this Complaint, Experian and Trans Union, by their respective

actions and omissions, each independently violated various provisions of the NY FCRA (NY GBL §§ 380-380-u) including, but not necessarily limited to, the following violations:

    a. Experian and Trans Union each violated § 380-j(a).

    b. Experian and Trans Union each violated § 380-j(e).

    c. Experian violated § 380-f(a).

    d. Experian violated § 380-f(b).

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages and equitable relief against Defendants:

1. Awarding against each Defendant actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o as well as, with respect to Defendants Experian and Trans Union, NY GBL § 380-l and § 380-m.

2. Ordering Defendants Experian and Trans Union to:

   a. immediately and permanently (i) delete all inaccurate information from Plaintiff's consumer reports and files, and (ii) cease reporting the inaccurate information to any and all persons and entities to whom Experian and Trans Union reported consumer information; and

   b. send updated and corrected consumer report information to all persons and entities to whom Experian and Trans Union reported inaccurate information about Plaintiff within the last three years.

3. Enjoining Experian and Trans Union from violating Plaintiff's NY FCRA rights; and

4. Such other and further relief as may be necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all

issues so triable.

                                              */s/ James R. Ticchio*
                                              James R. Ticchio
                                              **Sherman & Ticchio PLLC**
                                              james@st-legal.com
                                              120 N. Main Street Suite 302(b)
                                              New City, NY 10956
                                              212.324.3874