UNITED STATES DISRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x      22-cv-00057 (TJM)(DJS)

NAQUAN ROBINSON,

                *Plaintiff*,

      -against-


EXPERIAN INFORMATION SOLUTIONS, INC.,
OVERTON, RUSSELL, DOERR & DONOVAN,
LLP, AND TRANS UNION, LLC,


                *Defendants*.

---------------------------------------------------------------------x

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
<u>JUDGMENT ON THE PLEADINGS FOR LACK OF STANDING</u>


                                                                Robert L. Arleo, Esq.
                                                                 Attorney for the Defendant
                                                                 Overton, Russell, Doerr &
                                                                  Donovan, LLP
                                                                 1345 Avenue of the Americas
                                                                 33rd Fl.
                                                                 New York, New York  10105
                                                                 (212) 551-1115

## Table of Contents

                                                                                        Page

**Table of Citations**

    PRELIMINARY STATEMENT……………………………………………       1

    PROCEDURAL HISTORY……………………………………………….       2

    ARGUMENT……………………………………………………………..       3

    STANDARD FOR DISMISSAL BASED
    UPON A MOTION FOR JUDGMENT ON
    THE PLEADINGS PURSUANT TO
    FED. R. CIV. P. 12(c)…………………………………………………….       3

    THE COURT LACKS SUBJECT
    MATTER JURISDICTION
    BECAUSE THE PLAINTIFF
    LACKS ARTICLE III STANDING……………………………………….       4

    THE PLAINTIFF FILED THIS
    ACTION IN BAD FAITH AND
    FOR THE PURPOSE OF
    HARASSMENT…………………………………………………………..      10

    CONCLUSION…………………………………………………………..      13

Table of Citations

Page

Cases

*Allen v. Wright*,
468 U.S. 737, 750 (1984)……………………………………………………………….   6

*Ashcroft v. Iqbal*,
556 U.S. 662, 678 (2000)……………………………………………………………….   3

*Bank v. United States Dep't of the Treasury*,
2021 WL 5022645 (2d Cir.)……………………………………………………………   6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)…………………………………………………………………..   3

*Campell v. Portfolio Recovery Assocs.*,
2022 U.S. Dist. LEXIS 38644 (E.D.N.Y.)……………………………………………..   9

*Casella v. Equifax Credit Info. Servs.*,
56 F.3d 469, 475 (2d Cir. 1995)………………………………………………………..   8

*DaimlerChrysler Corp. v. Cuno*,
547 U.S. 332, 340 (2006)………………………………………………………………   6

*Dargahi v. Honda Lease Trust*,
370 F. App'x 172, 174 (2d Cir. 2010)………………………………………………….   4

*First Cap. Asset Mgmt., Inc. v. Satinwood, Inc.*,
385 F.3d 159, 179 (2d Cir. 2004)………………………………………………………   8

*FW/PBS, Inc. v. City of Dallas*,
493 US 215, 231 (1990)………………………………………………………………..   6

*Grauman v. Equifax Info. Servs., LLC*,
2021 WL 3239865, at *4 n.3 (E.D.N.Y.)……………………………………………….   9

*John v. Whole Foods Market Group, Inc.*,
858 F.3d 732, 735-36 (2d Cir. 2017)……………………………………………………   10

*Johnson v. Rowley*,
569 F.3d 40, 44 (2d Cir. 2009)…………………………………………………………   3

*Juliano v. Citygroup, NA.*,
626 F. Supp. 2d 317, 318 (E.D.N.Y. 2009)…………………………………………….   7

*L-7 Designs, Inc. v. Old Navy, LLC*,
647 F.3d 419, 422 (2d 2011)…………………………………………………………….. 3

*Maddox v. Bank of N.Y. Mellon Trust Co.*,
2021 WL 5347004 (2d Cir.)…………………………………………………………… 5

*Molinari v. Equifax, Inc.*,
2022 WL 318001 (E.D.N.Y.)…………………………………………………………. 10

*Patel v. Contemporary Classics of Beverly Hills*,
259 F.3d 123, 126 (2d Cir. 2001)……………………………………………………… 3

*Roberts v. Babkiewicz*,
582 F.3d 418, 419 (2d Cir. 2009)……………………………………………………… 3

*Rottenberg v. Allied Interstate LLC*,
2022 U.S. Dist. LEXIS 21490 (E.D.NY.)………………………………………….. 6

*Schwartz v. HSBC Bank USA, N.A.*,
2017 WL 2634180 (S.D.N.Y.)………………………………………………………… 10

*Spokeo, Inc. v. Robins*,
136 S.Ct. 1540, 1547 (2016)………………………………………………………….. 5

*Stadnick v. Vivint Solar, Inc.*,
861 F.3d 31, 35 (2d Cir. 2017)………………………………………………………… 3

*Steel Co. v. Citizens for a Better Env't*,
532 U.S. 83, 102 (1998)………………………………………………………………. 4

*TransUnion LLC v. Ramirez*,
141 S. Ct. 2190, 2205 (2021)………………………………………………………….. 5

*Wan v. Trans Union, LLC*,
2022 U.S. Dist. LEXIS 58580 (E.D.N.Y.)…………………………………………….... 8

*Zlotnick v. Equifax Info. Servs.*,
2022 WL 351966 (E.D.N.Y.)………………………………………………………… 7

Other statutes and authorities

Fed. R. Civ. P. 12(c)…………………………………………………………………… 3

15 U.S.C. § 1681n(c)…………………………………………………………………… 10

U.S. Const. art. III, § 2………………………………………………………………… 4

## PRELIMINARY STATEMENT

Overton, Russell, Doerr & Donovan, LLP (ORDD), a Defendant named in the herein action, submits this Memorandum of Law in support of its motion for judgment on the pleadings based upon lack of Article III standing. The Plaintiff's Complaint alleges that ORDD violated the Fair Credit Reporting Act (FCRA) by failing to conduct a reasonable investigation into the Plaintiff's dispute of a medical debt which the Defendant ORDD had reported to the co-Defendant Experian Information Solutions, Inc. (Experian). For the reasons set forth below the Plaintiff's Complaint does not adequately plead that the Plaintiff suffered any concrete injury in fact, or that he is in imminent risk of suffering any concrete injury in fact. Thus, judgment on the pleadings should be granted to the Defendant ORDD based upon lack of Article III standing.

As described in detail below, the Plaintiff filed the herein action in bad faith and for the purpose of harassment, thus he should be compelled to pay the defense attorneys fees and costs incurred by the Defendant ORDD. Based upon the clear inadequacy of his Complaint, the Plaintiff was well aware that he did not suffer any injury in fact yet his strategy was to bludgeon a "cost of defense" monetary settlement from the Defendant ORDD. Same will not occur.

## PROCEDURAL HISTORY

On January 22, 2022, the Plaintiff filed his Complaint alleging violations of the Fair Credit Reporting Act (FCRA). (Dkt. No. 1). On February 25, 2022, the Defendant ORDD filed its Answer setting forth denials and defenses. (Dkt. No. 18). On March 13, 2022, the Defendant filed its Amended Answer to the Complaint as of right pursuant to Fed. R. Civ. P. 15(a)(1)(A). (Dkt. No. 20). Therein, the Defendant ORDD added a claim alleging that the Plaintiff filed the herein action in bad faith and for the purpose of harassment and, thus, the Plaintiff should pay the defense attorneys fees and costs incurred by the Defendant ORDD.

ARGUMENT

STANDARD FOR DISMISSAL BASED
UPON A MOTION FOR JUDGMENT ON
THE PLEADINGS PURSUANT TO
FED. R. CIV. P. 12(c)

Fed. R. Civ. P. 12(c) holds that, after the pleadings are closed- but early enough not to delay trial- a party may move for judgment on the pleadings. A motion for judgment on the pleadings is reviewed by the same standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim. *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). In order to survive a motion brought pursuant to Fed. R. Civ. P. 12(c), the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face". *Johnson v. Rowley*, 569 F.3d 40, 44 (2d Cir. 2009). On a motion for judgment on the pleadings the court "considers the complaint, the answer, any documents attached to them and any matter of which the court can take judicial notice of the factual background of the case". *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d 2011) *quoting Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009).

In evaluating the sufficiency of a complaint, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party, *id.*, but gives "no effect to legal conclusions couched as factual allegations," *Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017). A pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2000)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct..." *Id.* (citing *Twombly*. 550 U.S. at 556). It is not

3

enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge" claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. A Rule 12(c) motion should be granted "if, from the pleadings, the moving party is entitled to judgment as a matter of law." *Dargahi v. Honda Lease Trust*, 370 F. App'x 172, 174 (2d Cir. 2010).

The Plaintiff's Complaint fails to set forth sufficient facts to establish any FCRA claim which is plausible on its face. Even drawing all inferences in favor of the Plaintiff there is simply nothing alleged in the Complaint which would support a finding that the Plaintiff has Article III standing to allege any violation of the FCRA. Thus, the Defendant ORDD should be granted judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

THE COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE THE PLAINTIFF <u>LACKS ARTICLE III STANDING</u>

The Court should dismiss this action because the Plaintiff has not suffered any concrete and/or particularized injury in fact, or any imminent risk thereof, as a result of the alleged incorrect credit reporting of a debt which the Plaintiff disputes. Standing presents a "threshold jurisdictional question" in any suit filed in federal district court. *Steel Co. v. Citizens for a Better Env't*, 532 U.S. 83, 102 (1998). The requirement that a party have standing to bring suit flows from Article III of the Constitution, which limits the scope of federal judicial power to the adjudication of "cases" or "controversies." U.S. Const. art. III, § 2. To establish standing, a plaintiff must show that: (1) she suffered an "injury in fact"; (2) the injury is "fairly traceable" to the challenged conduct; and (3) the injury is "likely to be redressed by a favorable judicial

4


decision." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016). As the party invoking federal jurisdiction, the plaintiff bears the burden on each of these elements. *Id.* An "injury in fact" is an invasion of a legally protected interest that is concrete, particularized, and actual or imminent. *Id.* at 1548. A "particular" injury is one that affects the plaintiff in a personal and individual way, while an injury satisfies the "concrete" requirement if it "actually exist[s]"—that is, the injury cannot be hypothetical or conjectural. *Id* at 1548.

The decision rendered by the Supreme Court in *TransUnion, LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021) (*TransUnion*) has proven to be a death knell for many actions filed in federal court. Therein, the Supreme Court ruled that Article III standing requires a concrete injury even in the context of a statutory violation, stating (in part):

> "Congress's creation of a statutory prohibition or obligation and a cause of action does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III any more than, for example, Congress's enactment of a law regulating speech relieves courts of their responsibility to independently decide whether the law violates the First Amendment."

On November 17, 2021, the U.S. Court of Appeals for the Second Circuit reversed a prior decision finding that a plaintiff had Article III standing to proceed with a federal action. The reversal was based *solely* upon the decision issued by the U.S. Supreme Court in *TransUnion*. In *Maddox v. Bank of N.Y. Mellon Trust Co.*, 2021 WL 5347004 (2d Cir.), the Second Circuit based their reversal of their prior decision, finding Article III standing, upon the fact that the plaintiffs had not suffered any concrete injury in fact due to the defendants alleged violations of New York's mortgage-satisfaction-recording statutes. These statutes require mortgage lenders to file certificates of discharge within thirty days of a borrower's repayment. Having found no concrete injury in fact, the Second Circuit remanded the case back to the Western District of New York

5

with instructions to dismiss the case.

The *Maddox* decision is the second issued by the Second Circuit wherein *TransUnion* is cited. On October 29, 2021, the Second Circuit found no Article III standing based upon a lack of a concrete injury in fact. In *Bank v. United States Dep't of the Treasury*, 2021 WL 5022645 (2d Cir.), the Second Circuit found no Article III standing in conjunction with a claim that the federal government does not have the constitutional power to require citizens to pay a tax if they did not maintain minimum essential healthcare coverage as mandated under 26 U.S.C. § 5000A, a provision of the Patient Protection and Affordable Care Act ("ACA"). The district court held that the plaintiff lacked standing because he had maintained essential healthcare coverage at all relevant times, meaning that he had never been subject to the tax, and he thus suffered no legally cognizable injury. The Second Circuit affirmed the decision of the district court. Both *Maddox* and *Bank* confirm that *TransUnion* stands for the premise that it does not matter what law a claim is based upon. If there is no concrete injury in fact, there is no Article III standing. As demonstrated herein, the Plaintiff has not suffered *any* concrete and/or particularized harm, or imminent risk thereof, as a result of the Defendant's alleged FCRA violation.

Because Article III standing is jurisdictional, a federal court has an independent obligation to raise the question. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 340 (2006). A federal court has "an independent obligation to examine [our] own jurisdiction." *FW/PBS, Inc. v. City of Dallas*, 493 US 215, 231 (1990)(quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984). In *Rottenberg v. Allied Interstate LLC*, 2022 U.S. Dist. LEXIS 21490, 20-cv-708 (E.D.NY.)(Westlaw citation unavailable), a dismissal occurred upon lack of standing because the plaintiff therein could not demonstrate any concrete or particularized injury resulting from an

6

alleged violation of the Fair Debt Collection Practices Act (FDCPA). The court therein referenced to *Juliano v. Citygroup, NA.*, 626 F. Supp. 2d 317, 318 (E.D.N.Y. 2009) which confirmed that "[A] district court has an unflagging duty to [dismiss] *sua sponte* where jurisdiction appears to be lacking."). Thus, this Court has a separate obligation, independent of the herein motion, to decide whether or not the Plaintiff has standing. It is clear from his Complaint that the Plaintiff does not have standing.

The plaintiff in the FCRA action entitled *Zlotnick v. Equifax Info. Servs.*, 2022 WL 351966 (E.D.N.Y.) alleged claims identical to the claims alleged by the Plaintiff in the herein action. *Zlotnick* provides a roadmap as to why the herein action must be dismissed for lack of standing. Initially, the *Zlotnick* court issued an order to show cause shortly after the complaint was filed directing the plaintiff to demonstrate a concrete, particularized injury or provide factual material or authority in its absence. Having reviewed the submissions of the parties, the court, relying upon *TransUnion*, found that the plaintiff did not plausibly allege that he suffered a concrete or imminent injury in fact, and, as such, he did not have Article III standing to pursue his claims. First, the plaintiff did not plead any *actual* dissemination of his credit report. Next, the plaintiff did not assert sufficient allegations in support of his claims for emotional distress. The plaintiff also did not allege facts to demonstrate that he had *actually* been denied credit. The Court concluded by correctly finding that neither an incorrect notation on plaintiff's credit report, nor the diminution in his credit score, are sufficient to confer standing. Similarly, the Plaintiff in the herein action 1) has not pled any actual dissemination of his credit reports to any third party(ies); 2) has not asserted sufficient allegations in support of his claims for emotional distress and; 3) has not alleged any facts confirming he had actually been denied credit. Moreover, a plaintiff

7

cannot "recover for pain and suffering when he has failed to show that any creditor or other person ever learned of the derogatory information from a credit reporting agency." *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 475 (2d Cir. 1995). The entirety of the Plaintiff's Complaint is based upon an alleged incorrect notation, concerning a medical debt which he alleges he does not owe. This allegation is not sufficient to confer standing to the Plaintiff.

Paragraph 27(c) of the Complaint alleges "Upon information and belief, Plaintiff also suffered at least one credit denial." However, the Complaint does not detail the information upon which that statement is based. To be sure, "matters peculiarly within a defendant's knowledge may be pled 'on information and belief,'" but "this does not mean that those matters may be pled lacking any detail at all." *First Cap. Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 179 (2d Cir. 2004). Here, although the Plaintiff alleges that he was denied credit, he fails to set forth any detail whatsoever to support his claim. Indeed, if the Plaintiff applied for and was denied credit, he would surely know the factual circumstances associated therewith. Clearly, his attorneys have no evidence of any denial of credit, which is understandable considering the short window between the Plaintiff's dispute he lodged with Experian and the time that the Defendant ORDD removed the medical debt from his credit report.

Further support for a finding that the Plaintiff cannot establish Article III standing is found in the decision issued in the FCRA action entitled *Wan v. Trans Union, LLC*, 2022 U.S. Dist. LEXIS 58580, 22-cv-115 (E.D.N.Y.)(Westlaw citation unavailable). Therein, District Judge Pamela Chen of the Eastern District, several days after the case was removed to federal court, issued an order directing the parties to show cause why the case should not be remanded to state court for lack of subject matter jurisdiction in light of *TransUnion*. Both parties submitted papers

arguing that the plaintiff had demonstrated sufficient injury in fact to establish Article III standing. Judge Chen disagreed and referred to three (3) express reasons for the finding of lack of Article III standing. As to claims for damages to the plaintiff's credit, Judge Chen found that the complaint failed to allege any resultant materialized injury, or a sufficiently imminent and substantial risk of injury. The Complaint filed in the herein action suffers from the same deficiency. Next, Judge Chen addressed the claim that the alleged inaccurate information on the plaintiff's credit report was disseminated to third parties and found that the allegations set forth in the complaint did not clearly allege any facts demonstrating disclosure to third parties. The complaint was devoid of any information from which the court could determine when and how Plaintiff's credit report was shared, who it was shared with, and how Plaintiff learned of the disclosure. The Complaint filed in the herein action suffers from the same deficiency. Finally, Judge Chen found that the Plaintiff's claim for emotional damages fell short because she failed to plead enough facts to make it plausible that she did indeed suffer the sort of injury that would entitle her to relief. Judge Chen reasoned that the plaintiff's "perfunctory allegation of emotional distress . . . is insufficient to plausibly allege constitutional standing." The Complaint filed in the herein action suffers from the same deficiency.

In *Campell v. Portfolio Recovery Assocs.*, 2022 U.S. Dist. LEXIS 38644, 21-cv-1322 (E.D.N.Y.)(Westlaw citation unavailable), District Judge Chen, again, remanded a FCRA action. In doing so, she correctly found that the distribution of inaccurate information to a credit reporting agency, as opposed to a potential creditor, does not constitute or cause concrete injury for standing purposes. In support thereof, Judge Chen cited to that portion of the decision issued in *Grauman v. Equifax Info. Servs., LLC*, 2021 WL 3239865, at *4 n.3 (E.D.N.Y.) as follows:

9

> "Previously, many courts had held that a drop in a plaintiff's credit score was a sufficiently concrete injury in fact . . . capable of causing real-world harms such as the denial of credit. Following *TransUnion* however, that holding is no longer tenable in cases where plaintiffs do not allege that their reduced credit score was disseminated, or was accompanied by any other injury resembling a historically recognized harm."

While at the pleading stage a plaintiff may make general factual allegations to show injury, he still must plead facts that "plausibly allege" Article III standing. *John v. Whole Foods Market Group, Inc.*, 858 F.3d 732, 735-36 (2d Cir. 2017); *see also Molinari v. Equifax, Inc.*, 2022 WL 318001 (E.D.N.Y.)(finding in FCRA action that plaintiff's alleged economic injury in fact was not plausible and not sufficient to establish he had standing to assert his claim."). A claim of injury or traceability that is "conclusory or threadbare" is insufficient for Article III standing. *Schwartz v. HSBC Bank USA, N.A.*, 2017 WL 2634180 (S.D.N.Y.).

At most, the Plaintiff has pled that the Defendant ORDD incorrectly reported a medical debt on his credit report. In light of *TransUnion*, this allegation is woefully insufficient to confer Article III standing.

### THE PLAINTIFF FILED THIS ACTION IN BAD FAITH AND FOR THE PURPOSE OF HARASSMENT

15 U.S.C. § 1681n(c) sets forth the basis for attorneys fees under the FCRA:

> "Upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper."

The Plaintiff commenced the herein action in bad faith and for the purpose of harassment thus he should be ordered to pay the defense attorneys fees and costs incurred by the Defendant

10

ORDD. For the reasons set forth heretofore, the only basis for any finding of violation of the FCRA would be 1) if the Plaintiff's credit report was disseminated to any third party and; 2) if the Plaintiff was denied credit. Each of these requirements would have had to occur between the short time period between the Plaintiff's dispute, sent to Experian, and the Defendant ORDD's removal of the alleged disputed debt from his credit report as described in the Defendant's Amended Answer to the Complaint. As set forth in paragraph 47 therein, the Defendant ORDD was allowed 30 days to investigate the Plaintiff's dispute after receiving notice of the dispute from the Defendant Experian. The Defendant ORDD received notice of the Plaintiff's dispute from the Defendant Experian in early December, 2021. The Plaintiff filed the herein action on January 22, 2022. The Defendant ORDD immediately deleted the subject debt upon receipt of the summons and Complaint in the herein action towards the end of January, 2022. As there can be no claim for damages within the 30 day investigative period, the Plaintiff's window for damages is limited to approximately 21 days, meaning the time period between the expiration of the 30 day investigation period and the date the Defendant ORDD fully deleted the trade line from the Plaintiff's credit report. It is clear there was no dissemination of his credit report, nor any credit application and denial, during this short time period.

As set forth heretofore, the Plaintiff fails to set forth the specifics of any dissemination of his credit report. As confirmed on the Consumer Financial Protection Bureau website, when a person requests a copy of his credit report, he will see a list of *anyone* (italics added) who has requested his credit report within the past year, including any employers or prospective employers who have requested his report within the past two years for employment purposes. Prior to filing his Complaint, the Plaintiff could have *easily* learned if his credit report was

11

disseminated to any third party by simply obtaining and reviewing his credit report.

In regard to any credit denial. The Plaintiff is well aware that he did not apply for any credit during the short time period between his dispute to Experian and the removal of the allegedly disputed debt by the Defendant ORDD. In the attempt to negate this fact, the Plaintiff references to credit denial "upon information and belief". As he is the only one with this information, he cannot allege a belief that he was denied credit during the relevant time period. Such an allegation is simply frivolous. The reasons why the Plaintiff lacks Article III standing further supports a finding that this action was filed in bad faith and for the purposes of harassing the Defendant ORDD.

CONCLUSION

For the reasons set forth heretofore herein the Defendant ORDD should be awarded judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) and the Plaintiff should be compelled to pay the costs and attorneys fees incurred defending this baseless action.

DATED: New York, New York
   April 8, 2022

                      */ s / Robert L. Arleo*
                      ROBERT L. ARLEO